UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0076-CVE |
| ) | |
| MARK ANTHONY WILLIAMS, ) | |
| a/k/a "Tetris Pachino," ) | |
| a/k/a "Lanique Lamarko," ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion for Extension of Time and to Revise Scheduling Order (Dkt. # 22). Defendant requests an extension of all deadlines in the scheduling order (Dkt. # 21), including the jury trial currently set for August 16, 2010, and the government does not oppose defendant's motion. Defendant states that his attorney will be out of the state from June 30 to July 14, 2010, and defense counsel believes that a three-week extension of all deadlines in the scheduling order is necessary to provide him adequate time to prepare for trial.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary

for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defense counsel will be out of town from June 30 to July 14, 2010, and he states that he will not have enough time to prepare for an August trial. Defense counsel also states that he was appointed to represent defendant on June 23, 2010, and but he has not yet received discovery from the government. Dkt. # 22, at 1. However, defense counsel has spoken to counsel for the government, and has been informed that discovery has already been sent to him. Id.

The Court finds that an ends of justice continuance is not appropriate under the circumstances, because the justification offered does not meet the stringent requirements for an ends of justice continuance articulated in Toombs. Although defense counsel will be out of town for two weeks, this does not automatically entitle defendant to a continuance under the Speedy Trial Act.

Defendant's motion does not identify any factual or legal complexities in his case that will require additional preparation time, and he has not shown that his counsel has other obligations that will prevent him from preparing for an August trial date.  An extension of the motions deadline and a continuance of the pretrial conference will adequately protect defendant's right to a fair trial and permit him to file any appropriate pretrial motions without delaying the jury trial.   In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that an ends of justice continuance may subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant's Motion for Extension of Time and to Revise Scheduling Order (Dkt. # 22) is **granted in part** and **denied in part**.  The motions deadline is extended to **July 20, 2010**, and the response deadline is extended to **July 26, 2010**.  The pretrial conference set for July 23, 2010 is **stricken**, and the pretrial conference is **reset** for **July 29, 2010 at 1:00 p.m.  All other deadlines, including the jury trial set for August 16, 2010, are unaffected by this Opinion and Order.**

**DATED** this 28th day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT