UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CR-0076-CVE |
| ) | |
| MARK ANTHONY WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Now before the Court is defendant Mark Anthony Williams's Motion to Dismiss Count Two (Dkt. # 31). Williams is charged in a two-count indictment (Dkt. # 11) with one count of possession of a firearm after having been convicted of felonies, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Williams seeks to dismiss count two of the indictment. He argues that the two counts are multiplicitous, and that it would be prejudicial for the jury to hear that he has been convicted of felonies as well as a misdemeanor crime of domestic violence. The two counts relate to one instance of possession.

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." United States v. Morehead, 959 F.2d 1489, 1505 (10th Cir. 1992) (quoting United States v. Dashney, 937 F.2d 532, 540 n.7 (10th Cir. 1991)). "While multiplicity is not fatal to an indictment, . . . it poses the threat of multiple sentences for the same offense and may improperly suggest to the jury that the defendant has committed more than one crime." Id. (citations omitted).

In <u>United States v. Johnson</u>, 130 F.3d 1420, 1426 (10th Cir. 1997), the defendant was convicted of violations of 18 U.S.C. § 922(g)(1) and 922(g)(3) (unlawful user of controlled substances in possession of a firearm). Both counts arose out of the same instance of possession of a firearm. Acknowledging a circuit split on the issue, the <u>Johnson</u> court held that the two counts were multiplicitous and that the defendant could only be punished for one of the § 922(g) violations. <u>Id.</u>; <u>see also</u> <u>United States v. Barber</u>, 303 Fed. App'x 652, 656 (10th Cir. 2008) (unpublished)[1] ("[i]n <u>Johnson</u>, this court concluded that Congress did not intend to punish a defendant for multiple violations of § 922(g) that arose out of the same factual predicate: possession of a firearm"); <u>United States v. Hooks</u>, 33 Fed. App'x 371, 373 (10th Cir. 2002) (unpublished)[2] ("an individual's double jeopardy rights are violated when he is convicted of multiple violations of § 922(g) where only one firearm is involved"). The case was remanded to the district court with instructions to vacate the defendant's conviction on the second count.

"A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court." <u>Johnson</u>, 130 F.3d at 1426. The <u>Johnson</u> court held that the district court did not abuse its discretion in denying the defendant's pretrial motion to dismiss one of the § 922(g) counts because "the possibility (albeit slim) existed that Johnson could be convicted on one count and acquitted on the other." <u>Id.</u> However, the court noted that not requiring the prosecution to elect one of the counts prior to trial creates the risk "'that the jury will be diverted from a careful analysis of the conduct at issue' and will reach a compromise verdict or

---

[1]   Unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. 32.1: 10th Cir. R. 32.1.

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. <u>See</u> Fed. R. App. 32.1: 10th Cir. R. 32.1.

assume the defendant is guilty on at least some of the charges." Id. (quoting United States v. Clarridge, 811 F. Supp. 697, 702 (D.D.C. 1992)).

In United States v. Harwell, 426 F. Supp. 2d 1189, 1192 (D. Kan. 2006), the United States District Court for the District of Kansas acknowledged that the defendant could be convicted of only a 922(g)(1) or a 922(g)(3) violation and not both, but declined to require the government to elect between the two counts prior to trial. This Court will do the same in this case. Williams's argument that permitting the jury to learn that he has been convicted of both felonies and a misdemeanor crime of domestic violence would be unduly prejudicial is unpersuasive. A stipulation pursuant to Old Chief v. United States, 519 U.S. 172 (1997), would alleviate the risk of prejudice in this case. Trial may proceed on both counts of the indictment. If Williams is found guilty of both counts, he may re-urge this motion after trial.

**IT IS THEREFORE ORDERED** that Mark Anthony Williams's Motion to Dismiss Count Two (Dkt. # 31) is **denied**, without prejudice to reconsideration after trial.

**IT IS SO ORDERED** this 12th day of August, 2010.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE