## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 10-CR-0076-CVE |
| | ) | |
| MARK ANTHONY WILLIAMS, | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

Now before the Court are defendant's Motion to Strike Surplusage from Indictment (Dkt. # 36) and the United States' Motion to Correct Indictment (Dkt. # 39).  Defendant is charged in a two-count indictment (Dkt. # 11) with one count of possession of a firearm after having been convicted of felonies, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9).

### I.

The indictment  identifies defendant as Mark Anthony Williams, a/k/a "Tetris Pachino," a/k/a "Lanique Lamarco."  Dkt. # 11.  Defendant requests that the aliases be stricken from the indictment because "neither alias has anything to do with the facts of this case, and their inclusion in the indictment will unfairly prejudice the defendant before the jury."  Dkt. # 36, at 1.  The United States argues that the aliases are relevant because defendant was charged as "'Mark Anthony Williams A/K/A Lanique Lamarco' in all of the predicate convictions specified in the Indictment."  Dkt. # 41, at 2.

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment . . . ."  The Tenth Circuit has held that the use of an alias in an indictment is permissible where there was testimony that the defendant had used such a name.  United States v. Skolek, 474 F.2d 582, 586 (10th Cir. 1973).  In this case, there is no evidence that the defendant's alleged use of the alias "Tetris Pachino" is at all relevant.  Further, in light of defendant's representation that he intends to enter into a stipulation pursuant to Old Chief v. United States, 519 U.S. 172 (1997), there will be no question in this case as to the identity of the person convicted of the charged predicate offenses.  Thus, the defendant's alleged aliases are not relevant to the facts of this case.  Their inclusion creates a risk of prejudice because the jury may be improperly influenced by the allegation that defendant uses aliases.  The Court finds that the aliases should be stricken from the indictment.  Provided, however, that if the parties do not enter into an Old Chief stipulation, the United States may move to amend the indictment to include relevant aliases.

## II.

Count two of the indictment charges that, on or about March 19, 2010, defendant had been convicted of "Domestic Assault and Battery in the Presence of a Minor Child, a violation of Title 21, Oklahoma Statutes, Section 801 . . . ."  Dkt. # 11, at 3.  The citation to the Oklahoma Statutes is incorrect, and the correct citation is Title 21, Oklahoma Statutes, Section 644.  Defendant does not object to the correction.  Dkt. # 39, at 2.  A district court may make an amendment to an indictment where the substance of the charge is unaffected.  United States v. Cook, 745 F.2d 1311, 1317 (10th Cir. 1984).  For good cause shown, the Court finds that the motion to correct count two of the indictment should be granted.

**IT IS THEREFORE ORDERED** that defendant's Motion to Strike Surplusage from Indictment (Dkt. # 36) is **granted**.  Provided, however, that if the parties do not enter into an Old Chief stipulation, the United States may move to amend the indictment to include relevant aliases.  The aliases "Tetris Pachino" and "Lanique Lamarco" used in the indictment (Dkt. # 11) are **stricken**.

**IT IS FURTHER ORDERED** that the United States' Motion to Correct Indictment (Dkt. # 39) is **granted**.  The indictment shall be corrected by interlineation.  The phrase "Title 21, Oklahoma Statutes, Section 801" in count two of the indictment shall be corrected by interlineation to read "Title 21, Oklahoma Statutes, Section 644."

**DATED** this 13th day of August, 2010.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE