**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-CR-0076-CVE** |
| | ) | |
| **MARK ANTHONY WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Now before the Court is the United States's proposal to introduce evidence of statements allegedly made by the defendant subsequent to his arrest. A hearing was held in this matter on August 16, 2010.

**I.**

Defendant was arrested by Tulsa Police Department officers James Bohannon and Mark Wollmershauser shortly after 2:00 p.m. on March 19, 2010. Defendant was arrested for possession of a firearm. Subsequent to his arrest, defendant was placed in the officers' vehicle and transported to the police department for booking. Defendant had not yet been advised of his Miranda rights. Both officers testified that, while in the vehicle, the defendant spontaneously and voluntarily made the statement, "man, that's not my gun." Bohannon testified that Wollmershauser replied, "whose gun is it, then?" Wollmershauser testified that he asked "then why did you have it on you?" Both officers testified that the defendant answered that he was holding the gun for someone, although the specifics of their testimony differed slightly. Wollmershauser prepared a supplemental offense report (Def's Ex. 1 to Evidentiary Hearing of August 16, 2010). The supplemental offense report

states that defendant said "that he had just gotten it and was holding it for somebody." The United States seeks to introduce these statements.

**II.**

Miranda v. Arizona, 384 U.S. 436 (1966), requires certain procedural safeguards to be in place during a custodial interrogation. "[T]wo requirements must be met before Miranda is applicable; the suspect must be in 'custody,' and the questioning must meet the legal definition of 'interrogation.'" United States v. Perdue, 8 F.3d 1455, 1463 (10th Cir. 1993). In this case, it is undisputed that the defendant was in custody at the time he made the statements in question. Thus, the issue is whether they were made in response to interrogation. "Interrogation" means express questioning or "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted). In Innis, the Supreme Court clarified that "incriminating response" means "any response-whether inculpatory or exculpatory-that the prosecution may seek to introduce at trial." Id. at 301 n.5 (emphasis omitted).

Several courts of appeals have held that a police officer's attempt to seek clarification of a defendant's voluntary statement does not constitute "interrogation" for Miranda purposes. In Butzin v. Wood, 886 F.2d 1016, 1018 (8th Cir. 1989), the defendant voluntarily told a police officer that he had not been completely honest about some statements he had previously made. The officer asked the defendant what he had not been honest about. The Eighth Circuit held that "[a]n officer's attempt to seek clarification of an ambiguous statement is not generally construed as interrogation for Miranda purposes if the question does not "'enhance the defendant's guilt or raise the offense to

a higher degree....',” and that the officer's question was an attempt to seek clarification. Id. (internal citations omitted). In United States. v. Villegas-Tello, 319 Fed. App'x. 871, 876-77, (11th Cir. 2009), the defendant voluntarily told a police officer that the “green” was not his. The officer asked the defendant whether “green” meant marijuana, and the defendant responded affirmatively, and that another person had told him it was in a U-Haul. The Eleventh Circuit held that the officer's question was merely an attempt to clarify the “green” comment, and was not an interrogation because it was not designed to illicit an incriminating response. Id.

The Sixth Circuit follows the same rule, and has stated that “[t]he difference between permissible follow-up questions and impermissible interrogation clearly turns on whether the police are seeking clarification of something that the suspect has just said, or whether instead the police are seeking to expand the interview.” Tolliver v. Sheets, 594 F.3d 900, 921 (6th Cir. 2010). In Tolliver, the defendant made a voluntary statement that he was “getting the other gun out.” The officer asked him whether there was another gun in the apartment. The Sixth Circuit held that the Ohio Court of Criminal Appeals's determination that this was a follow-up question was not an unreasonable application of clearly established law. Id. The Seventh Circuit held that the question “who” in response to the voluntary statement, “I stabbed her” was not an interrogation subject to Miranda's requirements. Andersen v. Thieret, 903 F.2d 526 (7th Cir. 1990). The Fifth Circuit held that, when the defendant voluntarily said “that s**t's all mine” and the police officer asked “what,” the question was a clarification rather than an interrogation. United States v. Gonzales, 121 F.3d 928, 939-40 (5th Cir. 1997). In United States v. Rhodes, 779 F.2d 1019, 1032 (4th Cir. 1985), the defendant voluntarily stated “you can't take that.” The officer asked, “why?” and the defendant

responded "I can't run my business without that." Id. The Fourth Circuit held that the officer's question was not an interrogation and the statements were not subject to Miranda.

In the absence of applicable Tenth Circuit precedent, the reasoning of the Fourth, Fifth, Sixth, and Eleventh Circuits is persuasive. The Court finds that the defendant's initial alleged statement that the gun was not his was voluntary and not the result of interrogation. The Court further finds that Wollmershauser's question in response to that statement was an attempt at clarification, rather than an interrogation. Because the defendant was not subject to interrogation at the time he made both statements, they are admissible despite the fact that he was not advised of his Miranda rights. Therefore, the United States may introduce evidence of defendant's alleged statements that the gun was not his and that he was holding it for someone.

Defendant objects to Bohannon's version of defendant's second statement because the details of Bohannon's version of the statement were not reflected in the supplemental offense report or otherwise disclosed to defendant prior to trial. This objection is sustained. The United States may introduce evidence of defendant's alleged statements contained in the supplemental offense report, but not evidence that is not reflected in such report.

**IT IS THEREFORE ORDERED** that the United States's oral motion to introduce evidence relating to defendant's alleged statements made subsequent to arrest is **granted in part** and **denied in part**, as set forth herein.

**IT IS SO ORDERED** this 16th day of August, 2010.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE